<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT<br>
DISTRICT OF NEW JERSEY

———————————————————————— :
                                  :
THOMAS JAMES CLAUSO,           :
                                  :
           Plaintiff,    :    Civil Action No. 09-5306 (CCC)
                                  :
       v.                :
                                  :
MR. GLOVER,                   :
                                :
          Defendant.    :
————————————————————————:

THOMAS JAMES CLAUSO,           :

           Plaintiff,    :    Civil Action No. 12-3969 (CCC)

       v.                :

MR. GLOVER,                   :

          Defendant.    :
————————————————————————:

THOMAS JAMES CLAUSO,           :

           Plaintiff,    :    Civil Action No. 12-3971 (CCC)

       v.                :

JOHN DOES,                   :

          Defendants.   :
————————————————————————:

THOMAS JAMES CLAUSO,           :

           Plaintiff,    :    Civil Action No. 12-5601 (CCC)

       v.                :

WARDEN LAGANO et al.,        :    <u>MEMORANDUM OPINION AND ORDER</u>
                                  :       <u>APPLIES TO ALL ACTIONS</u>
          Defendants.   :
————————————————————————:

**Cecchi**, District Judge.

These four matters come before the Court upon Thomas James Clauso's ("Clauso") filing of four letters in <u>Clauso v. Glover</u>, Civil Action No. 09-5306 (CCC), Docket Entry Nos. 67 - 70, and Clauso's commencement of a new civil action, <u>Clauso v. Lagano</u>, Civil Action No. 12-5601 (CCC), and it appearing that:

I.    Clauso has instituted a number of civil rights and habeas matters in this District.[1]  Specifically, it appears that:

A.    Clauso has commenced at least five habeas matters asserting jurisdiction under 28 U.S.C. § 2254.

1.    While still serving the prison term ensuing from his first conviction, Clauso commenced a Section 2254 proceeding, which was terminated by Chief Judge Garrett E. Brown, Jr. on April 3, 1990.  <u>See In re Clauso</u>, 84-3406 (GEB).

2.    Shortly prior to his second conviction, Clauso commenced another Section 2254 action, which was

---

[1]  Following his conviction on first-degree attempted murder charges (and a cluster of related offenses), Clauso was sentenced to life imprisonment with a twenty-five year parole disqualifier. <u>See</u> <u>State v. Clauso</u>, 2005 WL 3050649 (N.J. Super. Ct. App. Div. Nov. 16, 2005); <u>accord</u> <<https://www6.state.nj.us/DOC_Inmate/ details?x=1041067&n=0>>.  That conviction was rendered on September 9, 1988.  It followed Clauso's prior conviction rendered on March 6, 1981, based on aggravated assault, unlawful possession of weapons, receipt of stolen property, etc., which resulted in a maximum sentence of twenty years.  <u>See</u> <u>id.</u>  In sum, it appears that, starting from at least 1981, Clauso has been incarcerated at all times and has litigated prolifically.

terminated by Chief Judge John F. Gerry on March 13, 1990. See <u>Clauso v. Beyers</u>, 88-2337 (JFG).[2]

3. On March 2, 1995, Clauso commenced his next section 2254 action; that petition was denied by Judge Joseph H. Rodriguez on June 6, 1996 for failure to exhaust state remedies. The Court of Appeals denied Clauso a certificate of appealability on December 20, 1996. See <u>Clauso v. Morton</u>, Civil Action No. 95-1003 (JHR), Docket Entry Nos. 7 and 11.

4. On December 17, 1999, Clauso commenced yet another Section 2254 action. See <u>Clauso v. Lazzaro</u>, Civil Action No. 99-5690 (AET). The Honorable Anne E. Thompson presided over that matter and dismissed Clauso's application without prejudice, again, as unexhausted. See <u>id.</u> Docket Entry No. 11. Having his motion for reconsideration denied by Judge Thompson, <u>see</u> <u>id.,</u> Docket Entry No. 18, Clauso appealed. The Court of Appeals denied him a

---

[2] The electronic dockets in <u>Clauso v. Beyers</u>, 88-2337 (JFG) was created when the federal court system transitioned from hard-copy filings to electronic records, long after <u>Clauso v. Beyers</u> was terminated. As a result, the electronic docket in <u>Beyers</u> does not provide this Court with the specifics of Chief Judge Gerry's decision. However, the time-line of Clauso's many actions in state courts and in this District strongly suggests that Clauso's petition was dismissed by Chief Judge Gerry as unexhausted in state courts.

certificate of appealability on January 22, 2001.

See id., Docket Entry No. 19.

5.  Clauso's last Section 2254 application was filed

on June 26, 2003.  See Clauso v. Hendricks, Civil

Action No. 03-3090 (FLW), Docket Entry No. 1.

Judges Stanley R. Chesler and Freda L. Wolfson,

who presided, in turn, over that proceeding,

dismissed Clauso's petition with prejudice, as

untimely. See id., Docket Entry Nos. 17 and 18.

The Court of Appeals denied him a certificate of

appealability on April 21, 2006.[3]  See id., Docket

Entry No. 22.

B.  In addition to the above-listed habeas matters, Clauso

commenced at least *ten* civil rights actions in this

District.

1.  While still serving the prison term ensuing from

his first conviction, Clauso commenced a Section

1983 action, which was terminated by Chief Judge

---

[3] It appears that Clauso's limitations period expired during
the gap between the time when his judgment becoming final and his
application for post-conviction relief was filed.  However,
having no immediate access to the now-archived decisions rendered
by Judges Chesler and Wolfson, this Court notes that: (a) this
observation is not a conclusive finding; and (b) it has no direct
impact on the analysis at hand.

Garrett E. Brown, Jr. on April 3, 1990.  <u>See</u>

<u>Clauso v. Koeingfest</u>, 85-2589 (GEB).[4]

2.   Less than a month prior to his second conviction,

Clauso commenced another Section 1983 action.  <u>See</u>

<u>Clauso v. Stillwell</u>, Civil Action No. 88-3574

(WGB).  Judges Stanley S. Brotman and William G.

Bassler, presiding, in turn, over that action,

dismissed Clauso's challenges by granting

defendants' motion for summary judgment, <u>see</u> <u>id.</u>,

Docket Entry No. 57, and the Court of Appeals

affirmed that decision on June 25, 1992.  <u>See</u> <u>id.</u>,

Docket Entry No. 60.

3.   While <u>Clauso v. Stillwell</u> was still pending before

Judge Bassler, Clauso commenced yet another civil

rights action.   <u>See</u> <u>Clauso v. Ortiz</u>, Civil Action

No. 91-4109 (MLC).   Judge Mary L. Cooper and Chief

Judge Brown, presiding, in turn, over that matter,

dismissed Clauso's claims by ruling upon

defendants' Rule 12(b)(6) and summary judgment

motions and, shortly thereafter, denied Clauso's

application for reconsideration.   <u>See</u> <u>id.</u>, Docket

_____

    [4]  The basis for that termination is not immediately
apparent from the docket existing on the Public Access to Court
Electronic Records ("PACER") system, as PACER was created many
years after <u>Clauso v. Koeingfest</u> was terminated.

Entry Nos. 8, 52 and 55.  <u>Clauso v. Ortiz</u> was

conclusively terminated on December 5, 1996.  <u>See</u>

<u>id.</u>, Docket Entry No. 55.

4.    While <u>Clauso v. Ortiz</u> and the appeal in <u>Clauso v.</u>

<u>Stillwell</u> were still pending, Clauso commenced his

next Section 1983 action, <u>Clauso v. Morton</u>, Civil

Action No. 97-5839 (MLC).  Judge Cooper dismissed

Clauso's challenges by granting defendants' Rule

12(b)(6) motions, <u>see id.</u>, Docket Entry Nos. 25,

33 and 51, and directed the Clerk not to accept

any further submissions from Clauso.  <u>See id.</u>,

Docket Entry No. 46.  Upon Clauso's appeal, the

Court of Appeals affirmed Judge Cooper's

determinations.  <u>See id.</u>, Docket Entry No. 56.

The Court of Appeals' decision to that effect was

entered on May 2, 2002.

5.    While <u>Clauso v. Morton</u> was pending before Judge

Cooper, Clauso initiated one more Section 1983

action, <u>Clauso v. Lazzaro</u>, 00-1838 (AJL).  Judge

Alfred J. Lechner, Jr., presiding over that

matter, dismissed Clauso's challenges by granting

defendants' motion for summary judgment.  <u>See id.</u>,

Docket Entry Nos. 36 and 37.  Upon Clauso's

appeal, the Court of Appeals affirmed Judge

Lechner's decision.  The Court of Appeals' mandate
to that effect was issued on July 10, 2003.  <u>See</u>
<u>id.</u>, Docket Entry No. 56.

6.   Having just initiated <u>Clauso v. Lazzaro</u>, and only
one month after Judge Cooper's dismissal of <u>Clauso
v. Morton</u>, Clauso commenced yet another Section
1983 action.  <u>See</u> <u>Clauso v. Switaj</u>, Civil Action
No. 00-3131 (MLC).  Judge Cooper directed
administrative termination of that matter for
Clauso's failure to prepay his filing fee (or, in
the alternative, for his failure to duly apply for
<u>in</u> <u>forma</u> <u>pauperis</u> status).  <u>See</u> <u>id.</u>, Docket Entry
No. 1.

7.   Yet, while <u>Clauso v. Lazzaro</u> was still proceeding
before Judge Cooper, Clauso commenced one more
Section 1983 action, <u>Clauso v. Brooks</u>, Civil
Action No. 01-4502 (MLC).  Judge Cooper dismissed
Clauso's claims in part upon conducting <u>sua</u> <u>sponte</u>
review, <u>see</u> <u>id.</u>, Docket Entry No. 5, denied
Clauso's motions for reconsideration, <u>see</u> <u>id.</u>,
Docket Entry Nos. 16, and administratively
terminated that matter in light of Clauso's
attempt to file an interlocutory appeal.  <u>See</u> <u>id.</u>,
Docket Entry No. 33.  The Court of Appeals denied

Clauso's application for lack of appellate
jurisdiction, and no further litigation ensued.
See id., Docket Entry No. 38.

8.   On June 23, 2010, Clauso commenced one more
Section 1983 action, styling it as a Section 2254
petition.  See Clauso v. Warden, 10-3816 (SRC);
see also id., Docket Entry No. 2 (re-
characterizing Clauso's submission into a civil
complaint and denying Clauso in forma pauperis
status).  Judge Stanley R. Chesler, presiding over
Clauso v. Warden, instructed Clauso that claims
challenging conditions of confinement cannot be
raised by means of a habeas application, see id.,
Docket Entry No. 2, at 1, and allowed Clauso 30
days from February 14, 2011, to either prepay the
filing fee of $350 or to submit Clauso's in forma
pauperis application (which would allow Clauso to
proceed without prepayment of fees but with
assessment of monthly charges toward his full
payment of this $350 filing fee).  See id. at 3-4.
More than four months after Judge Chesler's
issuance of the aforesaid order, Clauso submitted
a $5 payment, i.e., the filing fee applicable to
habeas actions having no connection to his Clauso

8

<u>v. Warden</u> challenges.  Judge Chesler's ruling on that submission is still pending.

9.   Shortly prior to the commencement of <u>Clauso v. Warden</u>, Clauso initiated yet another Section 1983 matter, which is currently pending before this Court: <u>Clauso v. Glover</u>, Civil Action No. 09-5306 (CCC).  Specifically, on October 19, 2010, Clauso filed a § 1983 complaint challenging, again, his conditions of confinement.  See <u>Clauso v. Glover</u>, Civil Action No. 09-5306, Docket Entry No. 1.  On March 1, 2011, Judge Michael A. Shipp, then acting as a Magistrate Judge assigned to that matter, directed appointment of <u>pro</u> <u>bono</u> counsel to Clauso.  See <u>id.</u>, Docket Entry No. 35.  On June 30, 2011, that action was reassigned from Judge Chesler to the undersigned.  See <u>id.</u>, Docket Entry No. 44.  On March 26, 2012, Richard G. Potter, Esq. ("Potter"), made appearance on behalf of Clauso and assumed representation of Clauso's legal interests in that action.  See <u>id.</u>, Docket Entry No. 54.  However, nine days prior to becoming represented by Potter, Clauso filed a <u>pro se</u> application in <u>Clauso v. Glover</u>, Civil Action No. 09-5306, entitled "Petition for the Great Writ

9

of Habeas Corpus [§] 2254." See id., Docket Entry
No. 56.  Because the aforesaid filing presented a
mix of unspecified civil rights claims and
seemingly new habeas challenges, this Court
explained to Clauso, in great detail, the
distinction between habeas and civil rights
actions, the workings of habeas and civil
procedure rules and the pleading requirements
posed by Rules 8, 18 and 20.  See id., Docket
Entry No. 59; accord Clauso v. Glover, 2012 U.S.
Dist. LEXIS 89711, at *2-8 (D.N.J. June 26, 2012).
In order to enable Clauso's good faith litigation
of his unspecified civil rights and seemingly new
habeas challenges, this Court directed the Clerk
to create two new matters for Clauso, i.e., a
civil rights action and a habeas action, and
ordered Clauso -- in the event Clauso wished to
litigate such challenges -- to prepay his filing
fee in those action (or duly apply for in forma
pauperis status) and submit an amended pleading in
each such action, asserting the challenges
relevant to the nature of each particular matter.
See id. at *9-15.  The Clerk, duly complying with
this Court's order, opened two new dockets for

10

Clauso, namely, <u>Clauso v. Glover</u> ("<u>New Habeas</u>
<u>Matter</u>"), Civil Action No. 12-3969 (CCC) (a
Section 2254 habeas action), and <u>Clauso v. Does</u>
("<u>New Civil Matter</u>"), Civil Action No. 12-3971
(CCC) (a Section 1983 civil rights action).

II.   In response to this Court's aforesaid order and the Clerk's
actions, Clauso made the following submissions:

A.   In his <u>New Habeas Matter</u>, he duly submitted his filing
fee of $5.00 but did *not* file his amended petition.
<u>See</u>, <u>generally</u>, <u>New Habeas Matter</u>, Docket.

B.   In his <u>New Civil Matter</u>, Clauso duly submitted his
filing fee of $350.00, but he did *not* file his amended
complaint.  <u>See</u>, <u>generally</u>, <u>New Civil Matter</u>, Docket.

III.  As a result, this Court:

A.   Issued an order in the <u>New Habeas Matter</u> allowing
Clauso additional time to submit his amended petition
and directing the Clerk to provide Clauso with another
blank Section 2254 petition form.  <u>See New Habeas</u>
<u>Matter</u>, Docket Entry No. 4 (entered on August 17,
2012);
and

B.   Issued an order in the <u>New Civil Matter</u> allowing Clauso
additional time to submit his amended complaint and
directing the Clerk to provide Clauso with another

11

blank civil complaint form.  See New Civil Matter,
Docket Entry No. 4 (entered on August 16, 2012). In
conjunction with the same, this Court:

1.   scrupulously re-explained to Clauso the workings
     of Rules 18 and 20, as well as Rule 8, as
     clarified by the Supreme Court in Ashcroft v.
     Iqbal, 556 U.S. 662 (2009), and detailed by the
     Court of Appeals in Fowler v. UPMC Shadyside, 578
     F.3d 203 (3d Cir. 2009);

2.   stressed that Clauso's desire to "just . . . go
     home" was not amenable to litigation in either a
     civil action or a habeas matter, as the judicial
     branch lacks the mandate to direct clemency
     release;  and

3.   emphasized that prepayment of the applicable
     filing fee in no way assures one's success on the
     merits (as all matters are resolved in accordance
     with the governing legal principles, as applied to
     the facts alleged, while collection of the filing
     fee is merely an administrative measure having no
     impact on the substantive outcome of any
     litigation).  This Court observed as follows:

          in the event [Clauso], mistakenly believing
          that he can obtain any form of relief by
          simply paying the $350 fee in [the New Civil
          Matter] and/or by paying the $5 fee in [the

12

New Habeas Matter], submitted these monies
without having a viable claim, [Clauso] shall
inform this Court of his mistake in writing,
and the Court will direct the Clerk to simply
remit these erroneously prepaid funds back to
Plaintiff.  The Court notes that: (a) no
sanction of any kind would ensue from
[Clauso's] filing of such written statement,
since [Clauso's] error appears bona fide and
committed in good faith belief that a mere
act of prepayment of filing fee would qualify
him for relief; and (b) the judiciary has no
interest in collecting filing fees in
connection with actions litigants have no
intent to litigate, and it would be
inequitable to deprive [Clauso], a confined
individual whose financial resources are
likely to be scarce, from the funds he might
have paid in error.

New Civil Matter, Docket Entry No. 4, at 7, n.5.

IV.  In response to this Court's clarifications, Clauso filed

four letters in Clauso v. Glover, Civil Action No. 09-5306

(CCC) (Docket Entries Nos. 67 - 70).  These letters:

A.  indicate Clauso's belief that "the State ha[d] no right

to keep [Clauso] in prison";

B.  hint at Clauso's apparent displeasure with being held

in segregated confinement;

C.  contain abstract language and extensively utilize

poetic licence;

D.  state that the aforesaid "paperwork" is intended for

filing in Clauso's New Habeas Matter and New Civil

Matter;

13

E.   assert a slew of challenges to Clauso's conviction,
     maintaining that he did not have a pre-sentencing
     report executed; and

F.   alleges new claims regarding Clauso's conditions of
     confinement, asserting that he is being beaten by
     prison officials.

See id. (noting Clauso's belief that his "soul mate" must
have written to this Court, referring to Clauso himself as
an "old dog," referring to this Court as Clauso's "lady
judge," promising to "write [this Court] a poem," stating
that "God calls" on Clauso, making reference to Clauso's
endeavor at "seeking peace and heaven," asserting that, as a
result of Clauso's offense underlying his current
confinement "no one was hurt or injured," and informing the
Court that Clauso was "good with the Creator and . . . Lord
Jesus Christ").

V.   Finally, on September 7, 2012, the Clerk received yet one
     more complaint from Clauso, which arrived unaccompanied by
     either the filing fee or a duly executed in forma pauperis
     application. See Clauso v. Lagano, 12-5601 (CCC), Docket
     Entry No. 1. Naming six different persons as defendants in
     that matter, that latest complaint:

A.   asserts, simultaneously, that Clauso's warden "refused
     to remove {Clauso] from a cell flooded with human

14

waste" and that Clauso's warden directed Clauso's transfer to another cell, which Clauso found to be "freezing cold" during June and July of 2012;

B.   alleges that a prison guard is beating Clauso;

C.   states that another prison official took all of Clauso's clothing;

D.   claims that Clauso was left without food by yet another prison official, etc.; and

E.   concludes with a request for relief in the form of this Court's order "releas[ing Clauso] from the hole [where he has] been since June 9, 2012."[5]

<u>Id.</u>

VI.  To the extent Clauso's letters docketed in <u>Clauso v. Glover</u>, Civil Action No. 09-5306 (CCC), as Docket Entry Nos. 67 and 68, are intended to serve as a motion for reconsideration, such motion is granted in form and denied in substance.[6]

---

[5]  That request for relief is accompanied by Clauso's promise that, in the event this Court would not find a violation of Clauso's civil rights, Clauso's "sons and daughter [would] bring the deed . . . that has been in [Clauso's] family since 1914 [to the Court to prove that such deed allows for possession of] 30 acres in South Jersey." <u>See</u> <u>Clauso v. Lagano</u>, 12-5601 (CCC), Docket Entry No. 1, at 6.

[6]  The United States Court of Appeals for the Third Circuit has held that a litigant's motion for reconsideration should be deemed "granted" when the court (the decision of which the litigant is seeking a reconsideration of) addresses the merits — rather than the mere procedural propriety or lack thereof - of that motion. <u>See</u> <u>Pena-Ruiz v. Solorzano</u>, 2008 U.S. App. LEXIS 12436, at *2-3, n.1 (3d Cir. 2008). However, the very fact of the

Although Clauso's prior litigations in this District indicate that he has filed numerous motions for reconsideration and thus is likely to be familiar with the governing legal standard, the Court finds a brief review of the same warranted.  A motion for reconsideration is a device of limited utility.  There are only four grounds upon which a motion for reconsideration may be granted: (a) to correct manifest errors of law or fact upon which the judgment was based; (b) to present newly-discovered or previously unavailable evidence; (c) to prevent manifest injustice;[7] and (d) to accord the decision to an intervening

_____

court's review does not prevent the court performing such reconsideration analysis (of the original application, as supplanted by the points raised in the motion for reconsideration) from reaching a disposition identical — either in its rationale or in its outcome, or in both regards — to the court's decision previously reached upon examination of the original application.  See id.

[7]   In the context of a motion to reconsider, the term "manifest injustice" "[generally . . . means that the Court overlooked some dispositive factual or legal matter that was presented to it," In re Rose, 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007), making the definition an overlap with the prime basis for reconsideration articulated in Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), that is, the need "to correct manifest errors of law or fact upon which the judgment was based."  Alternatively, the term "manifest injustice" could be defined as "'an error in the trial court that is direct, obvious, and observable.'"  Tenn. Prot. & Advocacy, Inc. v. Wells, 371 F.3d 342, 348 (6th Cir. 2004) (quoting Black's Law Dictionary 974 (7th ed. 1999)).  "[M]ost cases [therefore,] use the term 'manifest injustice' to describe the result of a plain error."  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1425 (5th Cir. 1996).

16

change in prevailing law.  See 11 Charles A. Wright, Arthur
R. Miller & Mary Kay Kane, Federal Practice and Procedure §
2810.1 (2d ed. 1995); see also Harsco Corp. v. Zlotnicki,
779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S.
1171 (1986) (the purpose of a motion for reconsideration is
to correct manifest errors of law or fact or to present
newly discovered evidence).  "To support reargument, a
moving party must show that dispositive factual matters or
controlling decisions of law were overlooked by the court in
reaching its prior decision."  Assisted Living Associates of
Moorestown, L.L.C., v. Moorestown Tp., 996 F. Supp. 409, 442
(D.N.J. 1998).  In contrast, mere disagreement with the
district court's decision is an inappropriate ground for a
motion for reconsideration; such disagreement should be
raised through the appellate process.  See id. (citing
Bermingham v. Sony Corp. of America, Inc., 820 F. Supp. 834,
859 n.8 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994);
G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)); see
also Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa.
2001) (a motion for reconsideration may not be used as a
means to reargue unsuccessful theories).  Consequently,
"[t]he Court will only entertain such a motion where the
overlooked matters, if considered by the Court, might
reasonably have resulted in a different conclusion."

17

Assisted Living, 996 F. Supp. at 442; see also Continental
Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943
(E.D. Pa. 1995) ("[M]otions for reconsideration should be
granted sparingly"); Edward H. Bohlin, Co. v. Banning Co.,
Inc., 6 F.3d 350, 355 (5th Cir. 1993) (a district court "has
considerable discretion in deciding whether to reopen a case
under Rule 59(e)").  Here, Clauso's letters: (a) state only
his factless, self-serving conclusion that he is in a
wrongful confinement; (b) express nothing but Clauso's
unactionable emotions; but (c) have no relevance to this
Court's directive to submit amended pleadings asserting
Clauso's habeas and/or civil rights challenges.  Clauso's
letters cannot merit vacatur of this Court's prior orders
directing commencement of the New Habeas Matter and New
Civil Matter and Clauso's filing of amended pleadings in
these matters in the event Clauso believes he has new
meritorious claims to litigate.

VII. While Clauso's letters docketed in Clauso v. Glover, Civil
Action No. 09-5306 (CCC), as Docket Entry Nos. 67 and 68
have no bearing on the issues litigated in Clauso v. Glover,
Civil Action No. 09-5306 (CCC),[8] these two letters and,

---

[8]  The Court reminds Clauso that Mr. Potter was appointed to
represent Clauso's legal interests in Clauso v. Glover, Civil
Action No. 09-5306 (CCC).  Clauso would be well advised to
entrust the litigation process to Mr. Potter and refrain from
making future pro se submissions in that matter.

especially, Clauso's letter docketed in <u>Clauso v. Glover</u>,
Civil Action No. 09-5306 (CCC), as Docket Entry No. 69,
appear relevant to Clauso's proceedings in the <u>New Habeas
Matter</u> and <u>New Civil Matter</u>.  At this juncture, both the
content and the spirit of Clauso's letters strongly suggest
that Clauso has no viable habeas claim to litigate.  Rather,
it appears that he simply laments over the outcome of his
state criminal proceedings and denial of his federal habeas
application as untimely, and Clauso seems to conflate,
either unintentionally or by design, his conditions-of-
confinement civil rights claims with his request for habeas
relief.

A.    The Court is mindful of Clauso's emotions.  However, as
      this Court already pointed out in its prior ruling, the
      mandate of the Article III judiciary is limited to, and
      only to, resolution of "Cases" or "Controversies."  <u>See</u>
      U.S. Const. Art. III, § 2; <u>accord</u> <u>Spencer v. Kemna</u>, 523
      U.S. 1, 7 (1998); <u>Aetna Life Ins. Co. of Hartford v.
      Haworth</u>, 300 U.S. 227, 240 (1937) (a lawsuit "must be
      definite and concrete, touching the legal relations of
      parties having adverse legal interests").  In other
      words, there must be an actual dispute between adverse
      litigants concerning an issue where there is a
      substantial likelihood that a decision by a federal

court, rendered within that court's mandate, would
bring about some sort of desired change or effect.  See
U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am.,
Inc., 508 U.S. 439, 446 (1993) (noting that the suit
must pursue "an honest and actual antagonistic
assertion of rights by one [party] against another" and
that these "valuable legal rights [would] be directly
affected to a specific and substantial degree" by a
decision on the matter by a federal court) (internal
quotations omitted).  No federal judge has a mandate to
act upon their emotions or grant litigants' meritless
claims (even if these claims are stated with great
eloquence, emotion or resort to poetic licence).  Thus,
Clauso's "poetic license" letters are not a basis for
relief.  See Ronald A. Cass, Judging: Norms and
Incentives of Retrospective Decision-Making, 75 B.U. L.
Rev. 941, 944 (1995) ("[A popular caricature] of
judicial decision-making is extreme legal realism,
which supposes that judges' decisions depend on . . .
'what the judge ate for breakfast' on the morning of a
decision") (quoting Jerome Frank, Law and the Modern
Mind 118-59, 207, 264-84 (1930)).  Simply put, dry
facts stated in a clear and concise pleading speak
volumes for the purposes of any legal proceeding, while

eloquent poetic "nothings" are invariably dismissed as pure rhetoric. Therefore, this Court strongly urges Clauso to reduce his future submissions, if any such submissions are made in the New Habeas Matter and/or New Civil Matter, or in Clauso v. Lagano, 12-5601 (CCC), to simple statements of fact and legal claims. Accord Imoore v. Gasbarro, 2012 U.S. Dist. LEXIS 73114, at *16 (D.N.J. May 24, 2012) (citing Advanta Corp. Sec. Litig., 180 F.3d 525, 534 (3d Cir. 1999), quoting DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990), "for the observation that a pleading must [merely] indicate 'the who, what, when, where, and how: the first paragraph of any newspaper story'").

B.  The letters docketed in Clauso v. Glover, Civil Action No. 09-5306 (CCC), as Docket Entry Nos. 67 and 68, and the submission in Clauso v. Lagano, 12-5601 (CCC), Docket Entry No. 1, especially if assessed in light of Clauso's failure to submit an amended pleading in the New Habeas Matter, strongly suggest that Clauso has no viable habeas claim to litigate. Accordingly, it appears equitable for this Court to direct the Clerk to remit Clauso's filing fees in the New Habeas Matter. However, out of abundance of caution, the Court will

allow Clauso one last extension of time to submit an
amended pleading in that action.[9]

VIII. While Clauso's submissions seem to indicate that he has no
viable *habeas* claim to litigate, such filings do suggest
that Clauso might be striving to articulate civil rights
challenges which, if reduced to plain English statements
meeting the requirements posed by Rules 18 and 20, could
amount to plausible claim(s) within the meaning of Rule 8.
However, as of now, Clauso's patchy submissions assert a
panoply of unrelated transactions, each involving a
different defendant and leaving the Court to guess the
specific facts at issue in his various claims.  Indeed, at
this juncture, it is entirely unclear: (a) which claims, if
any, asserted in Clauso's latest submissions are intended to
operate as amended claims for the purposes of Clauso's <u>New
Civil Matter</u> (with regard to which Clauso prepaid the filing
fee); and (b) which claims, if any, were meant to be
litigated in <u>Clauso v. Lagano</u>, 12-5601 (CCC), where no
filing fee was received and no <u>in forma pauperis</u> status was

---

[9]   In the event Clauso elects to make such a habeas
submission, he should accompany the same with the applicable
filing fee(s) or valid <u>in forma pauperis</u> application(s).  This
Court's directive to the Clerk to remit the funds to Clauso shall
not be construed as the Court's statement that Clauso would be
allowed to litigate any habeas challenges without prepayment of
the applicable filing fee or without properly obtaining <u>in forma
pauperis</u> status.

either sought or granted.[10]  In other words, as of now, the
Court cannot guess how many civil claims Clauso wishes to
litigate and in which actions.  The panoply of Clauso's
challenges, if assessed under the requirements of Rules 18
and 20, well exceed two sets of claims.  Nonetheless, the
Court is obligated to allow Clauso an opportunity to be the
master of his claims.  Thus, Clauso may: (a) select the
transactionally-related or related-by-defendant allegations
he wishes to prosecute in the <u>New Civil Matter</u> and/or in
<u>Clauso v. Lagano</u>, 12-5601 (CCC); and (b) reflect on whether
he wishes to prepay the applicable filing fee in either or
in both of these actions (or whether he wishes to seek <u>in
forma pauperis</u> status in either or in both of these
matters).

IT IS, therefore, on this _26_ day of _September_, 2012,

ORDERED that the Clerk shall reopen <u>Clauso v. Glover</u>, Civil
Action No. 12-3969 (CCC), and <u>Clauso v. Does</u>, Civil Action No.
12-3971 (CCC), by making a new and separate entry on the dockets
of each of these two matters, reading "CIVIL CASE REOPENED;" and
it is further

_____

[10]  To complicate the matters further, Clauso's submissions
are executed in handwriting that is difficult to comprehend.
While no <u>pro</u> <u>se</u> litigant is required to type their pleading, a
handwritten pleading must be fully readable.  Therefore, the
Court urges Clauso to carefully and clearly hand-print his
pleadings, writing only on the lines provided.  Clauso shall
avoid writing on the margins or scribbling between the lines.

ORDERED that the letters filed in <u>Clauso v. Glover</u>, Civil
Action No. 09-5306 (CCC), as Docket Entry Nos. 67 and 68, are
construed as motions for reconsideration of this Court's prior
order (docketed in that matter as Docket Entry No. 59); and it is
further

ORDERED that Clauso's motions for reconsideration are
granted in form and denied in substance, and this Court's prior
order, docketed in <u>Clauso v. Glover</u>, Civil Action No. 09-5306
(CCC), as Docket Entry No. 59 (and replicated in <u>Clauso v.
Glover</u>, Civil Action No. 12-3969 (CCC), and in <u>Clauso v. Does</u>,
Civil Action No. 12-3971 (CCC), as Docket Entry No. 2) shall
remain in force; and it is further

ORDERED that the Clerk shall remit to Clauso the filing fee
of $5.00 submitted in connection with <u>Clauso v. Glover</u>, Civil
Action No. 12-3969 (CCC); and it is further

ORDERED that the Clerk shall remit to Clauso the filing fee
of $350.00 submitted in connection with the submissions made in
<u>Clauso v. Does</u>, Civil Action No. 12-3971 (CCC); and it is further

ORDERED that the Clerk shall administratively terminate
<u>Clauso v. Glover</u>, Civil Action No. 12-3969 (CCC), and <u>Clauso v.
Does</u>, Civil Action No. 12-3971 (CCC), by making a new and
separate entry on the dockets of each of these two matters,
reading "CIVIL CASE TERMINATED;" and it is further

ORDERED that Clauso may have <u>Clauso v. Glover</u>, Civil Action No. 12-3969 (CCC), and/or <u>Clauso v. Does</u>, Civil Action No. 12-3971 (CCC), reopened in the event Clauso submits in those matters: (a) his amended pleading(s) stating the facts and challenges clearly and concisely, in accordance with Rule 8 (applicable to civil complaints) and Habeas Rule 2 (applicable to habeas petitions), without resort to generalities, poetic licence, undue rhetoric, threats, etc., but rather carefully reflecting on the guidance provided in this Court's prior determinations issued in his matters; and (b) the applicable filing fee(s) or valid <u>in forma pauperis</u> application(s); and it is further

ORDERED that Clauso's application to prosecute <u>Clauso v. Lagano</u>, 12-5601 (CCC), <u>in forma pauperis</u> is denied.  Such denial is without prejudice, and Clauso may seek <u>in forma pauperis</u> status in that matter by submitting a valid <u>in forma pauperis</u> application; and it is further

ORDERED that the Clerk shall administratively terminate <u>Clauso v. Lagano</u>, 12-5601 (CCC), by making a new and separate entry on the dockets of that matter, reading "CIVIL CASE TERMINATED;" and it is further

ORDERED that Clauso may have <u>Clauso v. Lagano</u>, 12-5601 (CCC), reopened in the event he submits an amended complaint in that action and accompanies the same with a valid <u>in forma</u>

25

pauperis application or with a filing fee of $350.00; and it is
further

ORDERED that Clauso's amended pleadings in Clauso v. Does,
Civil Action No. 12-3971 (CCC), and in Clauso v. Lagano, 12-5601
(CCC), should be executed in accordance with the requirements of
Rules 18 and 20, asserting only the claims that are properly
transactionally-related or related-by-defendant; and it is
further

ORDERED that all Clauso's future filings *must* be executed in
a careful, readable handwriting or typed; and it is further

ORDERED that the Clerk shall serve, by regular U.S. mail, a
copy of this Memorandum Opinion and Order upon Clauso, and shall
enclose in said mailing: (a) two blank civil complaint forms;[11]
(b) a blank Section 2254 habeas petition form; and (c) three
applications for confined individuals seeking to proceed in forma
pauperis;[12] and it is finally

--------

[11]   In the event Clauso believes that his allegations, even
though asserted in accordance with Rules 8, 18 and 20, cannot be
reduced to statements fitting the space allotted, Clauso shall
supplement his allegations by statements neatly hand-printed (or
typed) on the back of the page.  Clauso shall alert the Clerk to
the fact that his allegations are continued on the back of the
page by writing "SEE OVER: ADDITIONAL STATEMENTS ON THE BACK OF
THIS PAGE."  Clauso is also reminded that, for the purposes of
his civil rights challenges, Clauso shall specify the alleged
wrongs *each* named defendant committed and detail the specific
facts of each such alleged wrong.

[12] If the institutional  account of the petitioner exceeds
$200, the petitioner shall not be considered eligible to proceed
in forma pauperis in a *habeas* matter.  See Local Civil Rule

ORDERED that no statement made in this Memorandum Opinion and Order shall be construed as indicating withdrawal of this Court's jurisdiction over any of the above-captioned matters.

_____
Claire C. Cecchi
United States District Judge

---

81.2(c).  In contrast, in <u>Adkins v. E. I. DuPont De Nemours & Co., Inc.</u>, 335 U.S. 331 (1948), the Supreme Court clarified that the district court enjoys discretion to determine whether the payment of the fees would be unduly burdensome upon a litigant prosecuting a civil rights action.  <u>See</u> <u>id.</u>; <u>see also</u> <u>Kinney v. Plymouth Rock Squab Co.</u>, 236 U.S. 43, 46 (1915).